Our constitutional framers endeavored to organize a government where the source of all power was reposed in the people. The legal principle of agency was invoked. The people were the principals and the three departments of government, the executive, the legislative and the judicial branches, the agents. A recent election was held in this municipality for a juvenile court judge. The successful candidate was to be an agent of the people to preside over and render justice in that court to the best of his or her ability and understanding. The source of all governmental power, the qualified electors, approved the power of attorney for Leo B. Blessing as judge of the Juvenile Court. They rejected the candidacy of the relatrix. In due course, the returns of the election were promulgated, Leo B. Blessing was declared elected to this office, a commission was issued to him and he qualified as a juvenile court judge by taking the oath of office. The relatrix having lost the battle of ballots now petitions the court. She declares that by the adoption of the recent constitutional amendment that the term of the Juvenile Court judge has been extended eight years and further that the present commissioned and qualified judge is disqualified by the Constitution because he has not practiced law for five years.
The first ground of complaint is apparent on its face — there was no extension of the term of relatrix' office for eight years and this has no merit. The next ground is of disqualification by reason of the constitutional provision referred to above. The relatrix alleges that respondent is disqualified. She seeks the process of injunction to restrain the respondent from presiding over the Juvenile Court. She has offered no evidence to prove the disqualification. We have the testimony of the respondent. It is in the record and it remains unimpeached. The district judge dignified that evidence by holding that the respondent as an attorney had practiced law for five years. Argument has been made in this court upon the term used in the Constitution "practicing law." What constitutes the "practice of law"? If this court knows what every layman knows, then this court should have knowledge. There are two types of practicing lawyers: Those who confine their activities to the trial of cases in the courts; the others, to activities entirely within their offices. The latter may never appear in court, although they are in the true sense of the word "practicing lawyers." The Constitution did not prohibit Mr. Blessing from being either the one or the other type, and we take it that the rule of right requires a liberal interpretation of the terms "practicing law" and the rule of wrong would be a limitation to the practice by appearances in the courts. All men have a different standard of natural justice. That is why the Constitution has provided that this court be composed of seven members and it is the belief that a more exact *Page 90 
rule of justice can best be obtained by the expression of the will of the majority of the members of this court. From my own standard of natural justice and considering all of the factors, all of the evidence, and the entire record herein, and further considering that respondent is holding a valid commission on its face as a judge of the Juvenile Court, I believe that his disqualification under the Constitution provision should be made by proof so clearly and so conclusively that there is no doubt of his lack of qualification.
For these reasons and with respect, I concur in the decree.